JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHERIDAN JACOBSON,

　　　　Plaintiff,

　　v.

SWISHER INTERNATIONAL, *et al.*,

　　　　Defendants.

Case No.: CV 20-01504-CJC(SKx)

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 17] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [Dkt. 13] AND PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS [Dkt. 19]

## I. INTRODUCTION

On December 27, 2019, Plaintiff Sheridan Jacobson brought this employment discrimination action against Defendants Swisher International, Inc. ("Swisher"), two supervisors at Swisher, Micah Rich and Wade Holder, and Does 1 through 100 in Los Angeles County Superior Court. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Swisher removed the case on February 14, 2020 and asserted a series of counterclaims. (Dkts. 1

[Notice of Removal, hereinafter "NOR"]; 12 [Answer and Counterclaim].)  Now before the Court are three motions: (1) Swisher's motion to dismiss (Dkt. 13), (2) Plaintiff's motion to remand (Dkt. 17 [hereinafter "Remand Mot."]), and (3) Plaintiff's motion to dismiss Swisher's counterclaims, (Dkt. 19).  For the following reasons, Plaintiff's motion to remand is **GRANTED** and both motions to dismiss are **DENIED AS MOOT**.[1]

## II.  BACKGROUND

This case arises from alleged instances of workplace harassment and disability discrimination that occurred while Plaintiff was employed at Swisher.  Plaintiff's Complaint alleges the following facts.

Swisher, a tobacco company, hired Plaintiff in 2014 as a territory manager. (Compl. ¶ 7.)  At all relevant times, Plaintiff was disabled due to "back disabilities, depression, and anxiety." (*Id.* ¶ 9.)  Plaintiff's duties as a territory manager required her to be in her car for extended periods of time.  (*Id.* ¶ 13a.)  This caused her to develop a back condition, which she reported to her manager, Defendant Micah Rich.  (*Id.* ¶ 13b.)

In October 2017, Plaintiff took a day off from work to see a doctor about her back issues.  (*Id.* ¶ 13c.)  When she told Rich about her appointment, he became angry, asked whether "this is going to be a consistent issue," and complained that she was "always calling off." (*Id.*)  After Plaintiff returned to work, Rich began "overly monitor[ing] and scrutiniz[ing]" her work and holding her to a higher standard than other employees.  (*Id.* ¶ 13d.)  He also began speaking to Plaintiff in a condescending manner, "leer[ing] and star[ing]" at her, and "would regularly make comments to other employees about the fact

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 4, 2020 at 1:30 p.m. is hereby vacated and off calendar.

that he did not like Plaintiff." (*Id.* ¶ 13e-f.) Rich also gave Plaintiff a negative performance review because she requested accommodations for her disabilities. (*Id.* ¶ 57a.)

At some point in 2018, Plaintiff took a leave of absence from work due to anxiety and depression. (*Id.* ¶ 13i.) When she returned, Richard Palcha, another manager, "admonished [her] for being out sick, further exacerbating [her] disabilities." (*Id.* ¶ 13j.) On April 25, 2019, Plaintiff went to a doctor for treatment for her anxiety and depression. (*Id.* ¶ 13k.) She submitted a doctor's note to Swisher and was placed on protected medical leave from April 25, 2019 to April 28, 2019. (*Id.*) But when she returned to work on May 1, 2019, Swisher terminated her. (*Id.* ¶ 13l.)

After her termination, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") and received a notice of the right to sue. (*Id.* ¶ 20.) She then sued Defendants in Los Angeles County Superior Court, asserting fifteen causes of action for violations of California law. (*See generally id.*) On February 14, 2020, Swisher removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*See* NOR.) The Notice of Removal asserts that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and Micah Rich, the only non-diverse Defendant, was fraudulently joined and therefore does not defeat complete diversity. (*See id.* ¶ 15.) A series of motions were filed soon after removal. Swisher filed counterclaims and moved to dismiss several of Plaintiff's claims. (Dkts. 12–13.) Plaintiff moved to dismiss those counterclaims, (Dkt. 19), and to remand the action to Los Angeles County Superior Court, (Remand Mot.).

//
//
//

## III. MOTION TO REMAND

Plaintiff provides two principal arguments for why the Court should remand her case to state court: (1) Defendant Rich has not been fraudulently joined, so there is not complete diversity, and (2) Swisher has failed to establish that the amount in controversy exceeds $75,000. The Court agrees with Plaintiff's first argument. Thus, it need not consider the parties' dispute concerning the amount in controversy.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Fraudulent Joinder

Federal courts only have diversity jurisdiction over a matter if the parties are completely diverse. *See* 28 U.S.C. § 1332(a). Plaintiff, a California citizen, alleges that there is not complete diversity in this action because of her claims against Micah Rich, who is also a California citizen. (Compl. ¶¶ 1, 3.) Swisher does not dispute Rich's

citizenship but instead asserts that he was fraudulently joined and cannot be used to destroy complete diversity.  (NOR ¶ 15.)  The Court agrees with Plaintiff.

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Thus, when a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining whether there is complete diversity in a case.  *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against fraudulent joinder." *Id*. (internal quotations omitted).  Defendants can establish fraudulent joinder only by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey*, 139 F.3d at 1318.  This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  Joinder is only fraudulent when a plaintiff's claims against the resident defendant fail "and the failure is obvious according to the settled rules of the state." *Id.* at 1043.

The Ninth Circuit recently reiterated that the tests for fraudulent joinder and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are not equivalent. *See Grancare*, 889 F.3d at 549.  Even if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined.  Instead, before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *See id.*

Of Plaintiff's fifteen claims, only two—for harassment and intentional infliction of emotional distress ("IIED")—are asserted against Rich. Thus, if Swisher can establish that Rich "cannot be held liable on any theory" as to both claims, Plaintiff's motion to remand must be denied. *See Ritchey*, 139 F.3d at 1318. The Court addresses Plaintiff's harassment claim first.

Under California's Fair Employment and Housing Act ("FEHA"), is it unlawful "[f]or an employer . . . or any other person, because of . . . physical disability . . . to harass an employee." Cal. Gov't Code § 12940(j)(1). Unlike discrimination claims, FEHA harassment claims are cognizable against individual supervisors. *See id*. "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009) (emphasis in original). Harassment consists of "conduct outside the scope of necessary job performance, [] presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *See Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). Because "harassment often does not involve any official exercise of delegated power on behalf of the employer," harassment claims against supervisors usually cannot be premised on conduct that is necessary for them to perform a supervisory job. *See Roby*, 47 Cal. 4th at 706. Thus, personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments rarely constitute unlawful harassment. *See Reno*, 18 Cal. 4th at 646–47.

Swisher contends that all of Plaintiff's allegations against Rich involve personnel decisions that cannot form the basis of a harassment claim. The Court disagrees. Plaintiff alleges that after she told Rich about her back issue, he became angry, asked whether "this is going to be a consistent issue," and complained that she was "always calling off." (Compl. ¶ 13b.) He also allegedly began speaking to Plaintiff in a

condescending manner, "leer[ing] and star[ing]" at her, and "would regularly make comments to other employees about the fact that he did not like Plaintiff." (*Id.* ¶ 13e-f.) Finally, Rich allegedly gave Plaintiff a negative performance review because she requested accommodation for her disabilities. (*Id.* ¶ 57a.)

These allegations—which are taken as true for the purposes of this motion—consist of more than just personnel decisions. Swisher is correct that some of the alleged conduct, like giving Plaintiff negative performance reviews, involves personnel decisions. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 65 (1996). But Swisher ignores key allegations in the Complaint. For example, the statements that Rich allegedly made to other employees about "not liking" Plaintiff, as well as leering and staring at her, are surely outside the scope of his necessary job performance and unrelated to his managerial role. *See, e.g.*, *Hale v. Bank of Am., N.A.*, , 2013 WL 989968, at *5 (C.D. Cal. Mar. 13, 2013) (finding that similar allegations of a supervisor's demeaning comments to other employees "reach[ed] far beyond typical personnel management decisions"). As such, this behavior does not involve a personnel management decision and could form the basis of a FEHA harassment claim.

Swisher also does not address the possibility that Plaintiff could amend her Complaint to include additional details about Rich's conduct. Even assuming that, as pled, Plaintiff's harassment claim would not survive a Rule 12(b)(6) motion, Swisher has offered no reason for why she could not amend her Complaint to add more detailed facts. *Compare Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1032 (C.D. Cal. 2016) (finding that there was no possible way for plaintiff to successfully amend his complaint and state a cognizable harassment claim against his supervisor because it was undisputed that he had failed to exhaust his administrative remedies) *with Martinez v. Michaels*, 2015 WL 4337059, at *7 (C.D. Cal. July 15, 2015) (holding that although plaintiff's harassment claim was likely insufficient as pled, a finding of

fraudulent joinder was nonetheless improper because additional facts could cure the deficiencies). Because Swisher has not come close to meeting its heavy burden of establishing that there is no possibility Plaintiff could state a harassment claim against Rich, the Court finds that he was not fraudulently joined. *See Philip Morris USA*, 582 F.3d at 1046. Accordingly, complete diversity is not present, and this action must be remanded.[2]

### C.   Attorneys' Fees

Plaintiff also requests an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) for filing her motion to remand. "Courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although ultimately unpersuasive, the Court does not find that Swisher's arguments were so objectively unreasonable as to warrant an award of attorneys' fees. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (noting that while "[t]here is no question that [defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"). Plaintiff's request for attorneys' fees and costs is therefore **DENIED**.

//

//

//

---

[2] Because the Court has determined that Rich is not a sham defendant based on Plaintiff's harassment claim, it will leave the potential merits of her IIED claim to the state court. *See Arellano v. Wal-Mart Stores, Inc.*, 2017 WL 4083144, at *7 (C.D. Cal. Sept. 14, 2017) (declining to consider the merits of IIED claim after determining harassment claim against non-diverse defendant was sufficiently pled).

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court. Because the Court lacks jurisdiction over this matter, Swisher's motion to dismiss (Dkt. 13) and Plaintiff's motion to dismiss Swisher's counterclaims (Dkt. 19) are **DENIED AS MOOT**.

DATED:   April 27, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE